## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| NFG HOUSING PARTNERS, L.P. | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case 2:22-cv-00011-GZS |
| | ) |
| LORRAINE SAINT PIERRE, | ) |
| | ) |
| Defendant | ) |

## MOTION TO REMAND

**Introduction.** A case may be removed from state court if it includes a claim against the removing defendant that arises "under the Constitution, laws, or treaties of the United States," 28 U.S.C. §1441(c). Although the defendant says in her Notice of Removal (at p. 2, ¶3) that this case "is one which may be removed to this court by Respondent pursuant to the provisions [sic] 28 U.S.C. §1441(c) in that it arises under a treaty of this United Nations Convention on Contracts for the International Sale of Goods," the rest of the Notice and its attachments, none of which make any reference to any treaty or any sale of goods and refer instead specifically to the original jurisdiction of this court under 28 U.S.C. §1331, make it clear that Ms. Saint Pierre means to rely on 28 U.S.C. §1441(c) as the basis for her removal. Because Ms. Saint Pierre's effort to remove this case is both untimely and substantively unsupported, however, the matter must be remanded to state court.

1

**Argument.**

    1.    <u>Ms. Saint Pierre's Notice of Removal is Untimely.</u>

Ms. Saint Pierre filed her Notice of Removal on January 14, 2022, 31 days after the state court Summons and Forcible Entry and Detainer Complaint were served on her. State Court Summons (Document 1-1), p.1; Notice of Removal, ¶ 2. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). In this case, the 30-day period expired January 13, 2022. Ms. Saint Pierre missed that deadline. *See, e.g., Wells Fargo Bank N.A. v. Ford,* No. 3:12-CV-4717-M (BF), 2013 U.S. Dist. LEXIS 41683, at *10 (N.D. Tex. Feb. 19, 2013).

    2.    <u>The State Court Complaint Asserts No Claim Against Ms. Saint Pierre that Arises Under the Constitution, Laws or Treaties of the United States.</u>

This is the second time Ms. Saint Pierre has attempted to remove a forcible entry and detainer action from Maine District Court to this Court because she says the case arises under the Constitution or laws or treaties of the United States. *See NFG Hous. Partners, L.P. v. Saint Pierre*, No. 2:20-cv-00421-GZS, 2021 U.S. Dist. LEXIS 10412 (D. Me. Jan. 20, 2021). Then, as now, she claimed to have certain defenses to the eviction action that arose from the involvement of the United States Department of Housing and Urban Development in her tenancy, and those issues raised federal questions justifying the removal of her case to this Court. The Court rejected her argument then and must do so again now.

For a removal based on this court's federal question jurisdiction to be effective, the issue of federal law on which jurisdiction is based must have been raised by the plaintiff in the state court action as part of a claim against the defendant and not by the defendant in her defense. *Boudreau v. Lussier*, No. 18-1749, 2020 U.S. App. LEXIS 34810, at *4 (1st Cir. May 27, 2020); *Nobrega v. York Cty.*, No. 2:20-cv-00302-JDL, 2020 U.S. Dist. LEXIS 213760, at *4 (D. Me. Nov. 16, 2020). Applying this "well-pleaded complaint" rule in remanding an eviction proceeding to state court, the United States District Court for the Northern District of California noted: "HUD guidelines place jurisdiction for eviction actions involving subsidized tenants in the hands of state court. Therefore, removal cannot be based on HUD's involvement in [defendant's] rental contract." *Eden Hous. Mgmt, Inc. v. Muhammad*, No. 4:07-cv-04325-SBA, 2007 U.S Dist. LEXIS 90294 at *5 (N.D. Cal. Nov. 28, 2007) (internal citations and footnote omitted). *See also, Sutton v. Cent. Towers Apartments,* Civil Action No. 10-14079, 2012 U.S. Dist. LEXIS 127585, at *11 (E.D. Mich. Aug. 21, 2012) (no federal question jurisdiction for eviction involving HUD tenant).

The allegations in NFG's eviction Complaint state nothing more than the essential elements of an action for forcible entry and detainer under 14 M.R.S. §§6001 *et seq.* Complaint for Forcible Entry and Detainer (Document 1-1, pp. 4-5). The relief sought is "a judgment of forcible entry and detainer against Defendant, that a writ of possession be issued to [NFG], for court costs and for such other and further relief as this Honorable Court deems just and proper." *Id.* (Document 1-1, p.5). These are all remedies available

as a matter of state law. 14 M.R.S. §§ 1501, 6005. The Complaint plainly does not state any claim against Ms. Saint Pierre that arises under any federal law.

Because this case presents no federal question on which the subject matter jurisdiction of this court could be based under 28 U.S.C. §1331, it must be remanded to the Maine District Court.

**Conclusion.**

For the foregoing reasons, the above-captioned action must be promptly remanded to the Maine District Court, and this Court should award to plaintiff NFG Housing Partners, L.P., pursuant to 28 U.S.C. §1447(c), all attorneys' fees and costs it has incurred as a result of the removal.[1]

Dated: January 18, 2022

/s/ James B. Haddow, Esq.
James B. Haddow, Esq.
Attorney for Plaintiff NFG Hous. Partners, L.P.
PETRUCCELLI, MARTIN & HADDOW, LLP
2 Monument Square, Suite 900
P.O. Box 17555
Portland, Maine 04112-8555
(207) 775-0200
jhaddow@pmhlegal.com

---

[1] "Defendant is [now] on notice of the requirements for removal . . . . Thus, the Court notes that future similar removals could be viewed as unreasonable and result in an award of fees and costs associated with remanding the case back to its proper forum." *NFG Hous. Partners, L.P. v. Pierre*, No. 2:20-cv-00421-GZS, 2021 U.S. Dist. LEXIS 10412, at *11 (D. Me. Jan. 20, 2021)

## Certificate of Service

I hereby certify that on January 18, 2022, I filed the above Motion to Remand electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the CM/ECF system and by both email and First-Class mail to defendant Lorraine Saint Pierre at the following address:

LORRAINE SAINT PIERRE
147 ALLEN AVENUE
APT 14
PORTLAND, ME 04103
luhren@gmail.com

                                         */s/James B. Haddow, Esq.*
                                         James B. Haddow, Esq.
                                         Attorney for Plaintiff NFG Housing Partners, L.P.

PETRUCCELLI, MARTIN & HADDOW, LLP
2 Monument Square, Suite 900
P.O. Box 17555
Portland, Maine 04112-8555
(207) 775-0200
jhaddow@pmhlegal.com