## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| NFG HOUSING PARTNERS, L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:22-cv-00011-GZS |
| | ) |
| LORRAINE SAINT PIERRE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER OF REMAND

Presently before the Court is Plaintiff's Motion to Remand (ECF No. 7). For reasons briefly stated herein, the Court GRANTS IN PART and DENIES IN PART the Motion.

On January 14, 2022, Defendant Lorraine Saint Pierre hand delivered to the Court her Notice of Removal and associated documents (ECF No. 1). In this case, she removes a complaint for forcible entry and detainer ("FED") filed against her by her landlord, Plaintiff NFG Housing Partners, L.P. ("NFG"). This is not the first time Defendant has removed a FED complaint to this Court. See generally NFG Hous. Partners, L.P. v. Saint Pierre, No. 2:20-cv-00421-GZS, 2021 WL 194907 (D. Me. Jan. 20, 2021). As was the case last time, "the Court finds no federal claim or federal question" is presented by this FED action.[1] Id. at *3. In short, there is no colorable showing that a basis for federal jurisdiction exists over the complaint that Defendant has removed. See

---

[1] To the extent that Defendant's notice of removal presses allegations that NFG has discriminated against her in violation of federal statutes, the Court notes that Plaintiff presently has pending in the Court a civil action that raises similar claims. See Saint Pierre v. NFG Hous. Partners, L.P., D. Me. Docket No. 2:21-cv-00300-GZS.

NFG Hous. Partners, 2021 WL 194907, at *2.  Therefore, this case shall be remanded.² See 28 U.S.C. § 1447.

The only remaining issue is Plaintiff's request for attorney's fees and costs in an unspecified amount.  (See Pl. Mot., PageID # 52.)  As Plaintiff notes in its Motion, when the Court declined to award fees in connection with the prior remand, it explicitly provided notice to Plaintiff that "future similar removals could be viewed as unreasonable and result in an award of fees and costs associated with remanding the case back to its proper forum."  NFG Hous. Partners, 2021 WL 194907, at *4 n.6.  To be clear, the Court finds there was no objectively reasonable basis for Defendant to remove this matter.  Nonetheless, considering Defendant's filing status and the ongoing litigation between these parties, the Court finds that the interests of justice are best served by not retaining jurisdiction over this matter in order to determine a reasonable fee award and oversee payment of that amount by Defendant.  Therefore, in an exercise of its discretion, the Court denies Plaintiff's request for fees and costs.

However, the Court takes this opportunity to warn Ms. Saint Pierre that repeated removals of state court actions that have no federal claim or federal question is a waste of judicial resources and unnecessarily delays the resolution of matters by both this Court and the Maine District Court.  Additional frivolous removals that disregard the Court's orders could result in the imposition of sanctions and filing restrictions.  See Cok v. Family Court of Rhode Island, 985 F.2d 32 (1st Cir 1993) (requiring that the Court warn any litigant before restricting the litigant's ability to file).

For the above reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Remand (ECF No. 7).  Specifically, the Court REMANDS the case but DENIES the

---

² The Court additionally notes that it appears Defendant's removal was untimely by one day.  See Pl. Mot., PageID # 50.  However, in her Response, Defendant suggests that her one-day delay reflects issues with the mail and inclement weather.  Def. Response, PageID # 56-57. The Court declines to reach the question of whether these issues would allow the Court to relax the thirty-day requirement based on excusable neglect.

request for attorney's fees and costs. Given the Court's conclusion that it lacks subject matter jurisdiction over this case, it takes no action on the other two pending motions in this case (ECF Nos. 10 & 16).

Under 28 U.S.C. § 1447(d), the Court's decision on the remand issue "is not reviewable on appeal or otherwise." In light of the *in forma pauperis* status of this matter, the Court certifies that any appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

The Clerk is directed to REMAND this matter to the Maine District Court in Portland.

SO ORDERED.

                                                    /s/ George Z. Singal
                                                    United States District Judge

Dated this 10th day of February, 2022.